The order below is hereby signed.

Signed: September 27 2018



*S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                                )
                                     )
CLEOPATRA L. JONES,                  )     Case No. 18-00360
                                     )     (Chapter 13)
               Debtor.               )
                                     )     Not to be published in
                                     )     West's Bankruptcy Reporter.

MEMORANDUM DECISION AND ORDER RE DEBTOR'S
OBJECTION TO DEUTSCHE BANK'S STANDING TO OBJECT TO PLAN

Deutsche Bank filed an *Objection to Confirmation of Debtor's Proposed Chapter 13 Plan* (Dkt. No. 54) on August 9, 2018.  The debtor has filed a *Motion and Objection to Creditors* [sic] *Proposed Objection to Confirmation of Proposed Chapter 13 Plan* ("*Motion*") (Dkt. No. 62) wherein the debtor seeks an order holding that Deutsche Bank does not have standing to object to her chapter 13 plan.  For the following reasons, the debtor's *Motion* will be denied.

I

The debtor initiated her case by filing a voluntary petition in chapter 7 on May 23, 2018.  The case was converted to chapter 13 on June 13, 2018.  The debtor filed her chapter 13 plan on

July 23, 2018, and Deutsche Bank filed its objection to the plan

on August 9, 2018.  Deutsche Bank filed a timely Proof of Claim

on August 17, 2018, that included a *Corporate Assignment of Deed*

*of Trust*, evidencing that Deutsche Bank, as trustee for Long

Beach Mortgage Loan Trust 2006-8, is the assignee of the *Deed of*

*Trust* and in all other respects complies with Fed. R. Bankr. P.

3001.  The debtor filed her *Motion* on August 17, 2018.  Deutsche

Bank did not respond to the *Motion*.

## II

Under 11 U.S.C. § 1324(a) "A party in interest may object to

confirmation of the plan."  The term "party in interest" is not

defined in the Bankruptcy Code.  *In re Amatex Corp.*, 755 F.2d

1034, 1042 (3d Cir. 1985).  The only provision in the Bankruptcy

Code providing a definition of the term "party in interest" is 11

U.S.C. § 1109(b), which states in relevant part: "A party in

interest, including the debtor, the trustee, a creditors'

committee, an equity security holders' committee, a creditor, an

equity security holder, or any indenture trustee . . . ."

However, courts have long held that the term "party in interest"

should be construed broadly to any party affected by the

proceedings.  *See Amatex Corp.*, 755 F.2d at 1042 (applying the

term to cases in chapter 11).  "Consequently, courts must

determine on a case by case basis whether the prospective party

in interest has a sufficient stake in the proceeding so as to require representation." *Id.*

The debtor challenges Deutsche Bank's standing to object to confirmation of her plan because, she claims, Deustche Bank has not provided valid proof that it is the assignee of the *Deed of Trust*. However, for Deutsche Bank to have standing, it must only show that it "has a sufficient stake in the proceeding so as to require representation."

Deutsche Bank presents itself as the trustee of the creditor and has filed a proof of claim in that regard. This court has not determined whether Fed. R. Bankr. P. 3001(c) requires a creditor to file proof of an assignment, but Deutsche Bank has filed such proof, thus, even if Fed. R. Bankr. P. 3001(c) does require such proof, Deutsche Bank has filed a proof of claim that conforms with the requirements of Fed. R. Bankr. P. 3001(c), and thus constitutes prima facie evidence of validity of the claim, including the holder of the claim. Fed. R. Bankr. P. 3001(f). Accordingly, the debtor must rebut the presumption that Deutsche Bank is the holder of the claim.

The debtor has not provided any evidence to rebut the presumption of validity. The debtor claims that Deutsche Bank cannot be the holder of the *Deed of Trust* because the loan was originally held by Washington Mutual Bank as the successor-in-interest to Long Beach Mortgage Company. Washington Mutual Bank

3

went out of business in 2008 and the Federal Deposit Insurance Corporation ("FDIC") became the receiver.  The FDIC assigned Washington Mutual Bank's assets to JP Morgan Chase Bank, N.A., via a *Purchase and Assumption Agreement* on September 25, 2008. Accordingly, the debtor alleges, the FDIC could not assign the *Deed of Trust* to Deutsche Bank on March 20, 2013, as purported in the *Corporate Assignment of Deed of Trust* in Deutsche Bank's Proof of Claim.  However, in the *Corporate Assignment of Deed of Trust* is the line that reads:

> FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF WASHINGTON MUTUAL BANK SUCCESSOR IN INTEREST TO LONG BEACH MORTGAGE COMPANY, by JPMORGAN [sic] CHASE BANK, NATIONAL ASSOCIATION, Its Attorney-In-Fact.

The *Corporate Assignment of Deed of Trust* clearly indicates that the assignment is by JP Morgan and Chase Bank as the attorney-in-fact of the FDIC, and accordingly Deutsche Bank is the assignee of the *Deed of Trust*.

Nevertheless, even if the assignment to Deutsche Bank was invalid, as the debtor alleges, the debtor does not contest that Deutsche Bank is the trustee for the Long Beach Mortgage Loan Trust 2006-8, where her loan was placed under a September 1, 2006, Pooling Servicing Agreement.  As trustee, Deutsche Bank acts on behalf of the certificate holders, who would certainly have "a sufficient stake in the proceeding so as to require representation."  Therefore, Deutsche Bank would be a party in interest with standing to object to confirmation of the debtor's

4

plan.

### III

For the afore said reasons, it is

ORDERED that *Motion and Objection to Creditors* [sic]

*Proposed Objection to Confirmation of Proposed Chapter 13 Plan*

(Dkt. No. 62) is DENIED.

[Signed and dated above.]

Copies to: Debtor (by hand-mailing); e-recipients of orders.